## James D. Tagg, Plff. in Err., *v.* Thomas A. Behring.

In the absence of evidence of fraud, accident or mistake in the execution of an instrument in writing, the court must instruct the jury to find in accordance with its legal effect.

The insertion of the words "after the above-mentioned notes are fully paid and satisfied, and not before," in the clause of warranty, will not alter the effect of an otherwise absolute bill of sale of chattels.

(Argued June 1, 1887.  Decided October 3, 1887.)

May Term, 1887, No. 21, M. D., before GORDON, TRUNKEY, CLARK, GREEN, and STERRETT, JJ.  Error to the Common Pleas of Dauphin County to review a judgment on a verdict for the defendant in an action of replevin.  Affirmed.

This was an action of replevin for horses, carriages, etc., the contents of a livery stable.  The plaintiff gave a bond and the goods were delivered to him.

At the trial before McPHERSON, J., the plaintiff proved the following bill of sale of the goods replevied:

Know all men by these presents: That I, James D. Tagg, of the city of Harrisburg, county of Dauphin, and state of Penn-

---

NOTE.—As was said by the court in this case, the mistake was not as to the words included in the instrument, but as to their legal effect.  Parol evidence is not admissible in such cases to show what meaning one of the parties gave to the wording, where the law puts a different construction thereon.  Cochran v. Pew, 159 Pa. 184, 28 Atl. 219.  It has been said that the contrary is true, if the party inducing the mistake seeks to take advantage of it.  Meckley's Estate, 20 Pa. 478.

sylvania, for and in consideration of the sum of thirteen hundred ($1,300) dollars, to be paid in manner following, that is to say: Four hundred ($400) dollars cash, money in hand paid, a note for four hundred ($400) dollars, payable in ninety days from the date thereof, and a note for five hundred ($500) dollars payable in one year from the date thereof, given and paid by Thomas A. Behring of the same place, at and before the en-, sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have bargained, sold, and delivered, and by these same presents do bargain, sell and deliver unto the said Thomas A. Behring, one pair sorrel horses, one gray horse, and one bay mare, two furniture wagons, one excursion wagon, one mannechore wagon, two night wagons, two buggies, one four horse sleigh, and one single horse sleigh, two sets double heavy harness (complete), one set of double light harness (complete), three sets of single harness, one cutting box, one buffalo robe, three fall blankets, three dusters, three horse blankets, four strings of sleigh bells and contents of stable, No. 1117 Montgomery street, said city, belonging to the said party of the first part, in use for livery and hauling business as carried on by said party of the first part (the floor to be repaired on second story; a manure pit to be placed underground in front part of stable by said party of the first part.) To have and to hold the said horses, wagons, sleighs, goods, and other articles unto the said Thomas A. Behring, his executors, administrators, and assigns, to his and their own proper use, benefit, and behoof forever.

And I, the said James D. Tagg, my heirs, executors, and administrators, the bargained premises unto the said Thomas A. Behring, his executors, administrators, and assigns, after the above-mentioned notes are fully paid and satisfied, and not before, from all and against all person and persons whomsoever, shall and will warrant and forever defend by these presents.

In witness whereof, I have hereunto set my hand and seal, the 11th day of March, A. D. 1886.

James D. Tagg (Seal).

Witness: A. J. Fager.

The plaintiff then proved that before this paper was entirely written and before its execution, as the defendant was handing the plaintiff the notes mentioned in the writing, they being simply promissory notes, the plaintiff, referring to the security for

the property he was selling, asked, "What security will I have for the payment of these notes?" The parties then had a conversation as to the security for the notes, and the words, "after the above-mentioned notes are fully paid, and not before," were put in. After finishing the writing, the alderman who wrote it read it to the parties, the plaintiff signed it, and the alderman witnessed it.

Upon the defendant's failure to pay the first note this action was begun. The position of the inserted words in the bill of sale gave rise to a dispute as to their effect, the plaintiff claiming that the title to the articles sold would not pass until after the notes should be fully paid and satisfied. The defendant confined the effect of the words to the warranty of the title.

The court charged the jury as follows:

These parties have put their engagement in writing. [There is evidence by the subscribing witness as to certain conversations between the parties in this suit before this contract was executed, which conversation resulted, as the witness testified, in the addition of the final clause to this contract, namely: "And I, the said James D. Tagg, my heirs, executors, and administrators, the bargained premises unto said Thomas A. Behring, his executors, administrators, and assigns, after the above-mentioned notes are fully paid and satisfied, and not before, from all and against all persons whomsoever, shall and will warrant and forever defend by these presents."]

That upon its face is a mere clause warranting the title at a certain time and in a certain contingency, and upon its face does not prevent the title of this property from passing from Mr. Tagg to Mr. Behring.

[It is urged, however, that the testimony of Mr. Fager and Mr. Tagg will alter the meaning of this clause, and will determine that its true effect was to be that the title should not pass at all until after the notes were paid. To this we say that no such question can arise in this case, for the reason that the uncontradicted testimony also shows that this writing was read over to the parties after it was completed, and before it was signed, and that they assented to its terms. There is, therefore, no ground for the allegation that there was either fraud, accident or mistake in the paper as it stands. At best it was a misunderstanding by the parties of the legal effect of the words

which they both were content to have used; and from that position we cannot relieve them. We therefore instruct you to find a verdict for the defendant.]

Therefore, there will be this question to be submitted to you: How much damage is defendant entitled to recover for the taking and detention of this property? And that we say to you is fixed by the value, and is to be interest on the value of the property from the time it was taken—he is entitled to have back his property; and he is also entitled to have interest upon its value from the time it was taken, as damages for its unlawful taking from him. So you will find a verdict for the defendant, and you will also find that he have as damages so much money— and that you must determine according to the rule we have laid down to you, namely: interest upon the value of the property at the time it was taken.

Now, as to the value, you must determine that as a question of fact. When it was sold the value was placed at $1,300, and you have the testimony as to whether it depreciated in value since that time. You must determine from that the value when it was replevied, the 18th of June, I think, 1886. When you have determined the value at that time, calculate the interest upon it from that day to this, and render a verdict for that interest only as damages to the defendant.

Verdict and judgment were for the defendant.

The assignments of error specified the portions of the charge inclosed in brackets.

*Wallace DeWitt,* for plaintiff in error.—As the contest is between the parties to the contract the terms of the contract must prevail. Martin v. Mathiot, 14 Serg. & R. 214, 16 Am. Dec. 491; Rose v. Story, 1 Pa. St. 190, 44 Am. Dec. 121; Haak v. Linderman, 64 Pa. 499, 3 Am. Rep. 612; Enlow v. Klein, 79 Pa. 488; Hartley v. Decker, 89 Pa. 470.

And in case the party who seeks to avoid or reform it read the instrument before signing and intelligently signed it, as containing the entire agreement, it can only be overcome by the testimony of two witnesses or of one witness corroborated by circumstances equivalent to another. Thomas v. Loose, 114 Pa. 35, 6 Atl. 326; Phillips v. Meily, 106 Pa. 543; Juniata Bldg. & L. Asso. v. Hetzel, 103 Pa. 507.

Mr. Fager gave his testimony in open court, in the presence and hearing of Tagg and Behring, and is contradicted by neither.

In Chalfant v. Williams, 35 Pa. 212, and Aldridge v. Eshleman, 46 Pa. 425, the testimony of the scrivener or subscribing witness was heard as the only witness as to what took place before and at the execution of the contract, to explain the real meaning and intention of the parties.

In Kostenbader v. Peters, 80 Pa. 438, it was ruled that the fact that the deed was read over to the party signing it did not affect her right to have it reformed, if in point of fact a mistake had been made.

What passes at and before the execution constitutes the "instructions" given to the scrivener, which must be proven by one alleging a mistake by the scrivener. Cozens v. Stevenson, 5 Serg. & R. 425; Hurst v. Kirkbride, cited in 1 Binn. 616; Chalfant v. Williams, 35 Pa. 212.

While the construction of the paper was for the court, yet it was its duty to construe it with reference to the subject-matter and the circumstances of the parties; and these were explainable by parol evidence. Barnhart v. Riddle, 29 Pa. 96.

However clear and indisputable may be the proof when it depends on oral testimony, it is, nevertheless, the province of the jury to decide, under instructions from the court, as to the law applicable to the facts. Reel v. Elder, 62 Pa. 316, 1 Am. Rep. 414.

*John W. Young* and *J. C. McAlarney* for defendant in error.

Per Curiam:

As there was nothing in this case that called for its submission to the jury, the court could do nothing else than give a binding instruction to find for the defendant.

Judgment affirmed.